[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by the plaintiff, John Orlowski ("Orlowski"), to seek a declaratory judgment determining the rights of the plaintiff to proceeds of an employment agreement between Orlowski and the defendant, the City of New Haven ("New Haven"). The plaintiff alleges in his complaint that on or about June 30, 1994, the plaintiff and the defendant entered into an agreement for professional services, wherein the defendant, as owner and operator of an eighteen hole public golf course known as Alling Memorial Golf Course ("Alling"), agreed to pay the plaintiff for professional golfing and management expertise and the plaintiff promised to render said June 12, 1997, the defendant breached the agreement by unilaterally terminating the plaintiff's employment at Alling. The plaintiff further alleges bad faith and unjust enrichment on the part of the defendant. CT Page 10507
The defendant argues that it did not breach the contract with the plaintiff because the agreement consisted of several conditions under which the parties may terminate the agreement. The defendant claims that the City of New Haven "privatized" Alling, and therefore fulfilled one of the conditions for termination of the agreement.
The plaintiff moves for summary judgment and, along with his short memorandum of law, attaches what he alleges to be a transcript of a radio talk show wherein Mayor John DeStefano stated that the golf course had not been privatized. The plaintiff submits nothing further in support of his motion for summary judgment. The defendant opposes the motion for summary judgment and attaches a memorandum of law, as well as exhibits and affidavits, in support of its position.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shail be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.)Bruttomesso v. Northeastern Connecticut Sexual Assault CrisisServices, Inc., 242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp.233 Conn. 732, 751-52, 660 A.2d 810 (1995).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony I under oath, disclosures, written admissions and the like." Practice Book § CT Page 10508 17-45 (formerly § 380).
The plaintiff, in support of its motion for summary judgment, submits a short memorandum of law and attaches what he argues is a transcript of a radio talk show conversation wherein Mayor DeStefano stated that the golf course had not been privatized. The attachment is a three-page typewritten document. It is not transcribed on official radio letterhead or other official stationery. It is undated, unauthored, uncertified and is made outside of a court proceeding, without an oath or affirmation as to the truth of the statements contained therein.
Practice Book § 380, now Practice Book (1998 Rev.) § 17-45 provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, . . . and the like." "Only sworn statements, certified copies of deposition transcripts, and other materials of comparable reliability are deemed appropriate evidentiary bases upon which to decide motions for summary judgment." Kerr v.Metropolitan District Comm., judicial district of Hartford/New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon,J.) (holding that there "mere narrative descriptions of alleged events in an unsworn letter of counsel or in a legal memorandum do not give the court a proper basis upon which to decide a summary judgment motion).
Here, the plaintiff's motion is not supported by any affidavits. "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). There is nothing to prove the authenticity of the document. Thus, it is not appropriate proof of documentary evidence for summary judgment.
This court has previously held that "[t]he language of [Practice Book] § 380 requires the document submitted be probative and in the nature of proof. . . . Uncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not consttute `proof' or `documentary evidence."' (Alteration in the original; citations omitted; internal quotation marks omitted). Ferrucci v. Liberty MutualFire Ins. Co., judicial district of New Haven, Docket No. 342207 (August 25, 1993, Zoarski, J.) (8 C.S.C.R. 939) (holding that CT Page 10509 since neither an affidavit nor any "appropriately certified evidentiary material" was filed, a claim could not be substantiated).
Additionally, this court held that an uncertified copy of a police report could "not be relied upon by the court in considering the motion for summary judgment." Piscitelli v. MetroNorth Commuter Railroad, judicial district of New Haven, Docket No. 326325 (September 5, 1995, Zoarski, J.). This court determined that many of the statements contained therein were hearsay, and "`[t]hey could not, therefore, [be] relied upon to support the motion for summary judgment."' Id., quoting Fogartyv. Rash, 193 Conn. 442, 444, 476 A.2d 582 (1984). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. AetnaLife Casualty Co., supra, 235 Conn. 202-03, citing Practice Book § 381, now Practice Book (1998 Rev.) § 17-46; see alsoPeerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 680
(1997).
The plaintiff, in support of his motion for summary judgment, submits only the undated, unauthored, unauthenticated, uncertified copy of a typewritten summary of some conversation between two people whose identities cannot be confirmed. The parties to the conversation: are not under oath, nor were the statements contained therein made in a court proceeding. This evidence is insufficient upon which to decide a motion for summary judgment. Genuine issues of material fact remain and the plaintiff's motion for summary judgment is therefore denied.
Since the plaintiff offers only an undated, unauthored, unauthenticated, uncertified copy of a typewritten summary of some conversation between two unidentified persons, who were neither under oath nor in a court proceeding, the motion for summary judgment against the defendant is denied. The plaintiff failed in his burden of proving that there is no genuine issue of material fact. As such, the plaintiff's motion for summary judgment is be denied.
Howard F. Zoarski, J.T.R.